UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASOKA K.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-2880-TLN-JDP<br>**A# 079-071-756**<br><br>**ORDER** |

Petitioner, an immigration detainee, filed this petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 6, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 13.) Respondents filed objections to the findings and recommendations. (ECF No. 14.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In their objections to the findings and recommendations, Respondents argue the Petition should be denied as moot because Petitioner was released from immigration custody after the Court granted a temporary restraining order.[2] (*Id.* at 1–2.) Respondents also note that Petitioner was since re-arrested following a pre-deprivation hearing and is currently detained at the Krome North Processing Center in Florida. (*Id.* at 2.)

As an initial matter, the Petition is not moot. Respondents' assertion of mootness misunderstands the nature of preliminary relief. The Court previously granted only temporary relief pending final resolution on the merits of the Petition. (ECF No. 5.) Unless Respondents mean to concede that Petitioner's prior detention was unlawful, the Petition remains unresolved.

With respect to then new information on Petitioner's current re-detention in Florida, this update does not alter the Court's findings as to the constitutionality of the detention challenged in the instant Petition.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 6, 2026 (ECF No. 13) are ADOPTED in full;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED;

3. The preliminary injunctive relief previously granted (ECF No. 5) is made permanent; and

4. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

---

[2] District courts have discretion but are not required to consider new evidence and arguments raised for the first time in objections to a magistrate judge's findings and recommendations. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000). While Respondents' mootness argument was not previously raised, the Court will exercise its discretion to consider this new argument here.

IT IS SO ORDERED.

DATE: August 27, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE